IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PHILLIP L. ADAMCZYK,
SUSAN C. ADAMCZYK,

    Plaintiffs,

vs.                                Case No. 4:10cv444-RH/WCS

THRIVENT FINANCIAL BANK,

    Defendant.

_____/

## O R D E R

Plaintiffs, *pro se*, have filed a civil complaint against Defendant alleging several causes of action, doc. 1, and asserting jurisdiction is proper here based on both federal question jurisdiction and because of diversity, *see* doc. 2. Plaintiff's also filed a motion for preliminary injunction, doc. 3.

Because Plaintiffs paid the filing fee at the same time the complaint was filed, the Court is not required to perform a preliminary review of the claims. Service is hereby directed. As Plaintiffs are *pro se*, the following guidance is provided in serving the Defendant.

Plaintiffs are responsbile to serve the Defendant with an identical copy of the complaint.  Fed. R. Civ. P. 4(c)(1).  Service must be accomplished within 120 days after the filing of the complaint.  Fed. R. Civ. P. 4(c),(m).  That time is hereby extended to 120 days from the date that this order is entered on the docket pursuant to Rule 4(m).

To effect service of process, Defendant must be personally delivered a copy of the complaint and a summons that will be issued to Plaintiffs by the Clerk of this Court.  The complaint must be *identical* to the version of the complaint filed with this Court.  Such personal delivery may be made by anyone who is at least 18 years of age and <u>is not a party to this action</u>.  FED. R. CIV. P. 4(c).  Process servers may be found under that heading in the yellow pages of the telephone book.

Alternatively, Rule 4(d) allows Plaintiffs the option of sending the Defendant a notice of the commencement of the action and a request that the Defendant waive formal service of process.  If the Defendant fails to return the waiver form (which Plaintiffs must enclose), Plaintiff must then formally serve the Defendant, but the Defendant may be liable for the costs of formal service.  Plaintiffs should thoroughly review Rule 4 before attempting service by either of the above methods.

Plaintiff has named just one Defendant, which is a corporation or business.  Service upon corporations are subject to service under Rule 4(h) of the Federal Rules of Civil Procedure.  If Plaintiff chooses to effect formal, personal service, Rule 4(h) requires delivery of "a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . ."  Fed. R. Civ. P. (4)(h)(1).  Rule 4(h) also permits service upon a corporation in the manner also prescribed for individuals as set forth in

Rule 4(e)(1), if waiver of service has not been obtained.  Alternatively, service may be effected pursuant to the law where service will be effected, *i.e.*, the law of the state where a defendant resides.  FED. R. CIV. P. 4(e)(1).

Accordingly, it is hereby

**ORDERED:**

1.  The docket shall reflect that there is one Defendant in this action.  Plaintiffs shall have ten (10) days from the entry of this order on the docket in which to notify the Court if this is *incorrect*.

2.  The Clerk of Court shall forthwith issue a summons for the Defendant, and deliver the summons along with this Order to Plaintiff, who shall be responsible for prompt service of the summons and complaint upon the Defendants.  The Clerk shall also forward to Plaintiff sufficient copies of Form AO-398 (Notice of a Lawsuit and Request to Waver Service of a Summons) and Form AO-399 (Waiver of the Service of Summons) to be used if Plaintiffs decide to serve the complaint under Fed. R. Civ. P. 4(d) (waiver of formal service).

3.  After a response to the complaint has been filed by the Defendant, Plaintiffs shall be required to mail to the attorney for the Defendant a copy of every pleading or other paper, including letters, submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a "certificate of service" which states the date a correct copy of the paper was mailed to the attorney representing the Defendant.  Any paper submitted for filing after a response to the complaint has been filed by the Defendant which does not contain a "certificate of service" shall be returned by the Clerk and disregarded by the Court.

4.  In accordance with 28 U.S.C. § 636(c)(2), the Clerk shall forward to Plaintiffs a form for consenting to trial by the magistrate judge, with the case number written on it. If Plaintiffs wishes to consent, they should sign the form and forward it to counsel for the Defendant, who shall return it to the Clerk only if the Defendant consents.

5.  Ruling on the motion for preliminary injunction, doc. 3, is **DEFERRED** pending service of process.

6.  The Clerk of Court shall return this file to the undersigned upon receipt of an answer to the complaint or similar response from the Defendant, upon the filing of either an executed or unexecuted summons, or no later than January 18, 2011.

**DONE AND ORDERED** on October 20, 2010.

>  s/    William C. Sherrill, Jr.
>  **WILLIAM C. SHERRILL, JR.**
>  **UNITED STATES MAGISTRATE JUDGE**