UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PHILLIP L. & SUSAN C. ADAMCZYK,      )
                                      )
            Plaintiffs,               )
                                      )
      vs.                             )
                                      )          Case No. 4:10-cv-00444-RH/WCS
THRIVENT FINANCIAL BANK,              )
                                      )
            Defendant.                )
                                      )
_____ /

### MOTION TO DISMISS COMPLAINT AND SUPPORTING MEMORANDUM

Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), Defendant, Thrivent Financial Bank ("Thrivent"), moves to dismiss Plaintiffs' Complaint on the grounds set forth below:

### Memorandum in Support of Motion

Plaintiffs, Phillip and Susan Adamczyk of Tallahassee, apparently seeking to avoid their obligations under a mortgage on their Panama City property, filed a Complaint against Thrivent containing numerous generic accusations against the banking and lending industry at large and accusing unidentified "Defendants" plural (and "the real culprit … the system itself, including the courts") of fraud, criminal conspiracy, breach of fiduciary duty, and intentional infliction of emotional distress, among other allegations.  However, Plaintiffs' Complaint, which appears to be largely cut and pasted from boilerplate form complaints available on the Internet, does not state any cognizable legal claims against Thrivent or even any allegations of fact involving Thrivent.  Other courts have considered and dismissed the same generic claims that appear in Plaintiffs' Complaint, and Thrivent respectfully asks this Court likewise to dismiss this action.

Plaintiffs do not make any allegations regarding the specific loan or loan documents at issue other than a single allegation that Plaintiffs "entered into a consumer contract for the refinance of a property located at 7205 Thomas Drive, Unit 1203D, Panama City, FL, 32408." (D.E. 1 at p. 1.)  Plaintiffs do not allege that the "consumer contract" was with Thrivent, the date on which the "consumer contract" was executed, or any other details about the terms of their alleged contract, the execution of it, or what they are alleging is wrong with it.  The only other references in the Complaint to Plaintiffs' individual circumstances appear on pages 11 and 12, which list the fees and taxes Plaintiffs allegedly paid at closing.  However, Plaintiffs allege only that "Debtor is unable to determine whether or not the above fees are valid," and request more information about the fees.  Otherwise, the Complaint includes only general allegations of improper actions taken by multiple, unidentified "Defendants," even though Thrivent is the only defendant named in the Complaint.  These unidentified "Defendants" include a "Lender," an "Agent," and other vaguely described actors without ever defining or identifying who they are or what they did in relation to Plaintiffs.  *See, e.g.,* D.E. 1 at p. 19 (alleging breach of fiduciary duty by "Defendants Agent, appraiser, trustee, Lender, et al").

It appears that large swaths of the Complaint have been copied from boilerplate form documents available on the Internet.  *See, e.g.*, http://www.scribd.com/doc/36849128/Basis-for-Complaint (titled "Some Nifty Info for a Complaint" that "has been filed in US District Court dozens of times," including, for example, the same alleged "Carefully Crafted Criminal Connivance," "Credit Default Swap Gambling," etc. described by Plaintiffs in this case); http://www.jurisimprudence.com/!Documents&Research/Mortgage/RESPA/Skidmore%20Suit.doc.  Although this is a relatively recent phenomenon and most courts are only now coming to grips with the onslaught of such complaints, thus far courts around the country have – quite

correctly – been ruling against these actions, either on motions to dismiss or denials of motions for preliminary injunctions or both.  *See Ray v. HSBC Bank, N.A.*, Case No. 1:10-cv-175, 2010 WL 3528554 (W.D.N.C. Sept. 3, 2010) (denying plaintiff's petition for temporary injunction in a case involving an identical complaint to Plaintiffs' Complaint herein); *Onoh v. Citigroup et al.*, Case No. 3:09-cv-02481-WHA, 2009 WL 2246207 (N.D. Cal. July 27, 2009) (granting defendants' motion to dismiss boilerplate complaint similar to Complaint filed by Plaintiffs herein); *Geans v. Oxford Bank*, Case No. 10-cv-13160, 2010 WL 3273276 (E.D. Mich. Aug. 19, 2010) (denying plaintiff's motions for a temporary restraining order where complaint contained similar boilerplate allegations to Plaintiffs' Complaint herein); *Vogler v. Countrywide Home Loans, Inc.*, Case no. 1:10-cv-370, f)(2), 2010 WL 3394034 (M.D.N.C. Aug. 26, 2010) (Magistrate Judge's Memorandum Opinion and Recommendation that complaint, which included purported causes of action similar to those stated in Plaintiffs' Complaint herein, be dismissed; the Court subsequently adopted the Opinion and Recommendation over plaintiffs' objections and dismissed the complaint).[1]

As their purported "Causes of Action," Plaintiffs claim (a) breach of fiduciary duty by an unidentified agent, appraiser, trustee, and lender; (b) negligence by unidentified "Defendants"; (c) fraud against unidentified "Agents"; (d) breach of the implied covenant of good faith and fair dealing by unidentified "Defendants"; (e) violation of the Truth in Lending Act by unidentified "Defendants"; and (f) intentional infliction of emotional distress by unidentified "Defendants."

---

[1]  Thrivent understands from the Court's docket that the ruling on the Plaintiffs' Motion for Preliminary Injunction has been deferred pending service of process, and Thrivent is not aware of having been served with the Motion for Preliminary Injunction Motion.  However, Thrivent believes that this Court should deny the Motion for Preliminary Injunction on the same grounds as set forth herein, as well as the grounds set forth in *Ray*, *Onoh*, and *Geans*.  If not, Thrivent respectfully requests an opportunity to respond to the Preliminary Injunction Motion if and as the Court sees fit.

(D.E. 1 at pp. 12-23.) Although not pleaded as causes of action, Plaintiffs also assert in the background section of their Complaint – a section also apparently copied from boilerplate documents available on the Internet – the following: (a) Defendants Lack Standing; (b) Criminal Conspiracy and Theft; (c) Agent Practiced Up-Selling; (d) Fraudulent Inducement; (e) Extra Profit on Sale of Predatory Loan Product; (f) Lender Attempting to Fraudulently Collect on Void Lien; (g) Lender Profit By Credit Default Swap Derivatives; (h) Lender Charged False Fees; (i) RESPA Penalty; (j) Lender Conspired with Appraiser; (k) Lender Conspired with Trustee; (l) Deceptive Advertising and Other Unfair Business Practices; (m) Equitable Tolling for TILA and RESPA; (n) Business Practices Concerning Disregarding of Underwriting Standards; (o) Unjust Enrichment; and (p) Claim to Quiet Title. (*See* D.E. 1 at pp. 8-19.) Although these allegations do not appear to constitute causes of action and do not even mention Thrivent, Thrivent addresses them below.

In sum, Plaintiffs make only general allegations against the industry, the "system," and other unidentified alleged actors, with no specific allegations against or about Thrivent. Because the Complaint contains no legally cognizable claims against Thrivent, or any factual support for any purported claim against Thrivent, Plaintiffs' Complaint should be dismissed.

## ARGUMENT

### A.    Pleading Requirements

Plaintiffs' allegations must be viewed in light of the standard on motions to dismiss recently established by the United States Supreme Court. That standard requires that a complaint set forth (a) sufficient factual allegations "to raise a right to relief above the speculative level," and (b) "more than labels and conclusions and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*,

129 S. Ct. 1937 (2009).   A complaint adequately states a claim only if it includes factual allegations sufficient to suggest each required element of the cause of action exists.   *See Southeast Laborers Health and Welfare Fund v. Bayer Corporation*, 655 F. Supp. 2d 1270, 1275 (S.D. Fla. 2009); *see also Lewis v. Seneff*, 654 F. Supp. 2d 1349, 1354 (M.D. Fla. 2009) (stating that a complaint "must supply 'enough facts to state a claim to relief that is plausible on its face'").   Here, as shown below, Plaintiffs fail to set forth sufficient factual allegations to establish the elements required for any of their purported causes of action or to "raise a right to relief above the speculative level."

Also, as set forth below, all claims sounding in fraud must be pleaded with particularity pursuant to Rule 9(b).

### B.     The Complaint Fails to State Any Claim

All of the claims Plaintiffs attempt to assert are without merit.   Plaintiffs allege no facts that would entitle them to any relief from or against Thrivent.   Rather, Plaintiffs' Complaint consists of page after page of general statements about the banking and lending industry and legal jargon, which appear to have been copied and pasted from various sources having nothing to do with either Thrivent or Plaintiffs.   The Complaint fails to give Thrivent fair notice of the legal claims asserted against Thrivent or the factual basis of Plaintiffs' purported claims, and therefore dismissal is appropriate.   Plaintiffs' demands for over $1 million in damages – a figure that has no basis in any of the purported claims raised in the Complaint – as well as "a permanent injunction enjoining Defendants from engaging in the fraudulent, deceptive, predatory and negligent acts and practices alleged herein" (D.E. 1 at p. 23), without alleging any factual basis for such relief against Thrivent, further demonstrate Plaintiffs' attempt to harass Thrivent rather than state a good faith claim against it.

5

Viewing Plaintiffs' Complaint with the utmost liberality, Thrivent attempts to address Plaintiffs' purported causes of action. The Complaint contains a section entitled "Statement of Claims," as well as a section entitled "Causes of Action." There appears to be some overlap between the two sections. Thrivent will address each purported claim in the order asserted, except where noted. As explained more fully below, each of Plaintiff's purported causes of action fail to state a claim upon which relief can be granted, and therefore should be dismissed.

## Statements of Claim

### 1.    Plaintiffs Fail to State a Claim for Lack of Standing.

Plaintiffs claim that "Defendants are without standing to invoke the subject matter jurisdiction of the court." (D.E. 1 at p. 8.) Specifically, Plaintiffs allege that "Defendants" lack standing because (a) there is no evidence of contractual obligation; (b) there is no proper evidence of agency; and (c) the mortgage is now in a special purpose vehicle. *Id.* at pp. 8-9. Plaintiffs further allege that "Defendants claim a controversy based on a contractual violation" and "Defendants claim agency to represent the principal in a contractual agreement." *Id.* Plaintiffs, not Thrivent, have invoked the subject matter jurisdiction of this Court, and lack of standing is not a cause of action in any event. Plaintiffs' allegations in this regard appear to be the result of their use of a boilerplate, form complaint that lacks specific allegations regarding either Plaintiffs or Thrivent.

### 2.    Plaintiffs Fail to State a Claim for Criminal Conspiracy and Theft.

Plaintiffs allege that "Defendants, by and through Defendant's Agents, conspired with other Defendants, et al, toward a criminal conspiracy to defraud [Plaintiffs]." (D.E. 1 at p. 9.) Plaintiffs' bare assertion of acts of theft and criminal conspiracy between unidentified parties is not sufficient to state a cause of action. *See Twombly*, 550 U.S. at 555 (stating that complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action").   Accordingly, Plaintiffs' claim for criminal conspiracy and theft should be dismissed.

### 3.      Plaintiffs Fail to State a Claim that "Agent Practiced Up-Selling".

Plaintiffs allege that "[b]y and through the above alleged conspiracy, Agent practiced up-selling to [Plaintiffs]."  (D.E. 1 at p. 9.)  As an initial matter, Plaintiffs' purported claim for "up-selling" appears to be directed to an unidentified "Agent," not Thrivent.  To the extent that the purported claim is directed at Thrivent, such claim should be dismissed.  Plaintiffs fail to allege any facts regarding the alleged "false and misleading statements" of the purported Agent, and therefore fail to satisfy the requirements of Federal Rule of Civil Procedure 9(b).  Plaintiffs claim of "Agent Practiced Up-Selling" should be dismissed.

### 4.      Plaintiffs Fail to State a Claim for Fraudulent Inducement.

In support of their purported claim for fraudulent inducement, Plaintiffs allege that "Lender maliciously induced [Plaintiffs] to accept a loan product, Lender knew, or should have known, [Plaintiffs] could not afford in order to unjustly enrich Lender."  (D.E. 1 at p. 10.)  As an initial matter, Plaintiffs' claim appears to be directed at an unidentified "Lender," rather than Thrivent.  However, even if the claim is directed at Thrivent, the claim should be dismissed because Plaintiffs fail to state a claim for fraudulent inducement, and fail to plead their claim with particularity, as required by Rule 9(b).  Plaintiffs' single conclusory sentence in support of their purported claim for fraudulent inducement falls far short of this standard, and their claim for fraudulent inducement should be dismissed.

### 5.      Plaintiffs Fail to State a Claim for "Extra Profit on Sale of Predatory Loan Product."

Plaintiffs allege that "[s]aid more expensive loan product was calculated to produce a higher return when sold as a security to an investor who was already waiting to purchase the loan

as soon as it could be consummated."  Plaintiffs further allege that "Lender" (a) received extra commission for late payments; (b) obtained extra income for handling foreclosure; and (c) engaged in "Credit Default Swap Gambling."  (D.E. 1 at p. 10.)

As an initial matter, Plaintiffs appear to assert this claim against an unidentified "Lender," not Thrivent.  To the extent Plaintiffs purport to assert a cause of action against Thrivent, the claim should be dismissed.  The Complaint contains no allegations regarding the alleged "more expensive loan product" – or any loan product for that matter – or the provisions of any agreements which are allegedly wrongful.  Nor have Plaintiffs explained how a lender engaging in credit default swaps or earning additional income states a cause of action.  Plaintiffs have failed to plead a claim under the standards articulated in *Twombley* and *Iqbal*, and this claim should be dismissed.  Additionally, to the extent that Plaintiffs are attempting to base their claim on fraud, their claim must be dismissed because Plaintiffs fail to plead fraud with particularity, as required by Rule 9(b).

6.     **Plaintiffs Fail to State a Claim that "Lender" is Attempting to Fraudulently Collect on a Void Lien.**

Plaintiffs allege that "Lender sold the security instrument after closing and received consideration in an amount in excess of the lien held by Lender.  Since Lender retained the lien document upon the sale of the security instrument, Lender separated the lien from said security instrument, creating a fatal and irreparable flaw."  (D.E. 1 at p. 10.)  As an initial matter, Plaintiffs again appear to be attempting to assert a claim against an unidentified "Lender," rather than Thrivent.  To the extent that Plaintiffs are purporting to assert a claim against Thrivent, Plaintiffs' claim should be dismissed as its claim of fraud is once again not pled with particularity as required by Rule 9(b).  For example, Plaintiffs fail to identify the "security instrument" at issue or any facts regarding the alleged sale of any security instrument, in addition

8

to numerous other required details missing from this purported claim.  Accordingly, this claim

should be dismissed as well.

### 7. Plaintiffs Fail to State a Claim for "Lender Profit by Credit Default Swap Derivatives."

Plaintiffs allege that "Lender further stood to profit by credit default swaps in the

derivatives market, by way of inside information that Lender had as a result of creating the faulty

loans sure to default. . . .  This credit default swap derivative market scheme is almost totally

responsible for the stock market disaster we now experience as it was responsible for the stock

market crash in 1907 [sic]."  (D.E. 1 at p. 11.)  Again, Plaintiffs appear to be asserting a claim

against an unidentified "Lender," rather than Thrivent.   To the extent that Plaintiffs are

purporting to assert a claim against Thrivent, Plaintiffs' claim should be dismissed.  Plaintiffs fail

to allege any specific allegations to support their purported cause of action, including an

identification of the credit default swaps or the "inside information" that "Lender" had or how it

affects Plaintiffs, if at all.   Additionally, Plaintiffs fail to allege how the asserted credit default

swaps were wrongful.  Plaintiffs appear to be making statements about markets in general rather

than making any specific allegations against Thrivent.  Finally, to the extent that Plaintiffs are

attempting to assert a claim for unjust enrichment, the existence of an alleged contract between

the parties presents a further basis for dismissal.  *See Moynet v. Courtois*, 8 So. 3d 377, 379 (Fla.

3d DCA 2007); *see also Vogler*, 2010 WL 3394034 at *4 (recommending dismissal of claim for

"Lender Profits by Credit Fault Swap Derivatives" due to existence of express contract between

the parties).

### 8. Plaintiffs Fail to State a Claim that "Lender Charged False Fees."

Plaintiffs allege that "Lender charged fees to [Plaintiffs] that were in violation of the

limitations imposed by the Real Estate Settlement Procedures Act as said fees were simply

9

contrived and not paid to a third party vendor." (D.E. 1 at p. 11.)  Plaintiffs list several purported fees charged at settlement.  *Id.*  Plaintiffs further allege that "Debtor is unable to determine whether or not the above fees are valid in accordance with the restrictions provided by the various consumer protection laws" and asks, "please provide; a complete billing from each vendor who provided the above listed services . . . ."  *Id.* at p. 12.  Plaintiffs fail to identify the transaction pursuant to which the fees were paid or what laws Thrivent allegedly violated and what facts support such an alleged violation.  Plaintiffs fail to allege anything "more than labels and conclusions," and this claim should be dismissed.  *See Twombly*, 550 U.S. at 555.

**9.      Plaintiffs Fail to State a Claim for "RESPA Penalty."**

Plaintiffs allege that "[f]rom a cursory examination of the records, with the few available, the apparent RESPA violations are as follows:  Good Faith Estimate not within limits, No HUD-1 Booklet, Truth in Lending Statement not within limits compared to Note, Truth in Lending Statement not timely presented, HUD-1 not presented at least one day before closing, No Holder Rule Notice in Note, No 1st Payment Letter."  (D.E. 1 at p. 12.)  Plaintiffs fail to assert any allegations regarding which "records" form the basis of any RESPA violations or any specific allegations regarding the alleged violations of RESPA.  Plaintiffs also fail to identify any provisions of RESPA or any facts that support imposing any penalty against Thrivent. Accordingly, Plaintiffs fail to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," at most, and their claim for a RESPA penalty must be denied.  *See Twombly*, 550 U.S. at 555.

**10.     Plaintiff Fails to State a Claim that "Lender Conspired with Appraiser."**

Plaintiffs allege that "Lender, in furtherance of the above referenced conspiracy, conspired with appraiser for the purpose of preparing an appraisal with a falsely stated price, in

violation of appraiser's fiduciary duty to [Plaintiffs] and appraiser's duty to provide fair and honest services, for the purpose of inducing [Plaintiffs] to enter into a loan product that was fraudulent toward the interests of [Plaintiffs]."  (D.E. 1 at p. 13.)  As an initial matter, Plaintiffs appear to be asserting a claim against an unidentified "Lender" and an unidentified "Appraiser," and not Thrivent.  However, to the extent that Plaintiffs purport to assert a cause of action against Thrivent, Plaintiffs' claims should be dismissed for failure to state a claim compliant with the pleading standards set forth in *Twombley* and *Iqbal*, and for failure to plead fraud with particularity as required by Rule 9(b).  No facts are pleaded to support what the price was, why it was allegedly fraudulent, or what if anything this boilerplate language has to do with Thrivent or Plaintiffs.

### 11. Plaintiffs Fail to State a Claim that "Lender Conspired with Trustee."

Plaintiffs allege that "Lender conspired with the trust Agent at closing to create a condition of stress for the specific purpose of inducing [Plaintiffs] to sign documents without allowing time for [Plaintiffs] to read and fully understand what was being signed."  (D.E. 1 at p. 13.)  This claim should be dismissed for the same reasons set forth above (in subsection 10 and elsewhere).  As an initial matter, Plaintiffs appear to be asserting a claim against an unidentified "Lender" and an unidentified "trust Agent" or "trustee," and not Thrivent.  To the extent Plaintiffs purport to assert a claim against Thrivent for conspiracy, Plaintiffs' claim should be dismissed because Plaintiffs failed to allege any facts to support their claim that there was a conspiracy, who was in it, what was said or agreed upon, and what alleged acts were undertaken, with particularity or otherwise.  *See Vogler* 2010 WL 3394034 at *4 (recommending dismissal of claim for "Lender Conspired with Trustee" where plaintiffs failed to "allege any facts to support their claim that there was a conspiracy" or "any facts showing in what way they were prevented from reading and fully understanding the documents").

**12.   Plaintiffs Fail to State a Claim for "Deceptive Advertising and Other Unfair Business Practices."**

Plaintiffs allege that "[i]n the manner in which Defendants have carried on their business enterprises, they have engaged in a variety of unfair and unlawful business practices prohibited by 15 U.S.C. § 45 et seq. (Deceptive Practices Act)."  (D.E. 1 at p. 14.)  However, the statute cited by Plaintiffs does not provide a private cause of action.  *See*, *e.g.*, *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 988 (D.C. Cir. 1973); *see also Vogler*, 2010 WL 3394034 at *4 (recommending dismissal of claim for "Deceptive Advertising and Other Unfair Business Practices" because 15 U.S.C. § 45 et seq. does not provide for a private cause of action).  Even if the statute provided for a private cause of action, Plaintiffs' bare assertion that "Defendants" engaged in various unspecified and unidentified "unfair and unlawful business practices" is not sufficient to state a cause of action.  *See Onoh*, 2009 WL 2246207 at *4 (dismissing claim for unfair business practices where "Plaintiff does not disclose how the statutory provisions cited were violated"); *Twombly*, 550 U.S. at 555.  Accordingly, this claim should be dismissed.

**13.   Plaintiffs Fail to State a Claim for "Equitable Tolling for TILA and RESPA."**

Plaintiffs allege that "[t]he Limitations Period for Petitioners' Damages Claims under TILA and RESPA should be Equitably Tolled due to Defendants' Misrepresentations and Failure to Disclose."  (D.E. 1 at p. 14.)  This does not state a cause of action.  *See Vogler*, 2010 WL 3394034 at *5 (recommending dismissal of claim for equitable tolling under TILA and RESPA because the plaintiffs did "not explain . . . how they have a claim under either of these federal laws").  Plaintiffs provide no factual basis for this claim and instead merely cite to various court decisions from other jurisdictions regarding the doctrine of equitable tolling.  Plaintiffs' purported claim appears to be the result of their use of a boilerplate form complaint that contains no specific allegations regarding either Plaintiffs or Thrivent.

12

14.     **Plaintiffs Fail to State a Claim for "Business Practices Concerning Disregarding of Underwriting Standards."**

Plaintiffs purport to state a claim for "business practices concerning disregarding of underwriting standards."  However, rather than stating any claim for relief, Plaintiffs appear to have copied and pasted text from other sources while making no specific allegations about Thrivent or its business practices.  For example, Plaintiffs allege that "Defendants, and each of them, engaged and/or actively participated in, authorized, ratified, or had knowledge of, all of the business practices described above in paragraph 30-42 of this Complaint."  (D.E. 1 at p. 18.)  However, Plaintiffs' Complaint does not contain any paragraph numbers.  Plaintiffs also fail to allege any specific wrongful conduct by Thrivent or any basis, under statute or otherwise, for its "claim."  Accordingly, this purported claim should be dismissed.  *See, generally, Onoh,* 2009 WL 2246207.

15.     **Plaintiffs Fail to State a Claim for Unjust Enrichment.**

Plaintiffs allege that they are "informed and believe[] that each and all of the Defendants received a benefit at [Plaintiffs'] expense," including "spurious fees and charges, and other 'back end' payments."  (D.E. 1 at p. 18.)  Plaintiffs fail to make any allegations regarding the transaction or transactions for which "Defendants" received the alleged benefits.  To the extent the alleged benefits were received in connection with the "consumer contract" which Plaintiffs allege they entered into (*see* D.E. 1 at p. 1), Plaintiffs' purported claim is barred by virtue of the "consumer contract."  It is well settled that "where there is an express contract between the parties, claims arising out of that contractual relationship will not support a claim for unjust enrichment." *Moynet v. Courtois,* 8 So. 3d 377, 379 (Fla. 3d DCA 2007).  Because the alleged benefits appear to arise out of a purported contractual relationship, Plaintiffs' claim for unjust

13

enrichment should be dismissed.  In any event, this purported claim falls far short of pleading the facts supporting each element of a plausible, valid claim, as *Twombley* and *Iqbal* require.

### 16.    Plaintiffs Fail to State a Claim to Quiet Title.

Plaintiffs allege that they "properly averred a claim to quiet title.  [Plaintiffs] included both the street address, and the Assessor's Parcel Number for the property.  [Plaintiffs have] set forth facts concerning the title interests of the subject property.  Moreover, as shown above, [Plaintiffs'] claims for rescission and fraud are meritorious.  As such, [Plaintiffs'] bases for quiet title are meritorious as well."  (D.E. 1 at p. 18.)  Contrary to Plaintiffs' assertions, the only thing Plaintiffs have included in the Complaint is the street address of the property.  Plaintiffs have made no allegations regarding the "Assessor's Parcel Number for the property" or any "facts concerning the title interests of the subject property."  Furthermore, Plaintiffs fail to allege why title should be quieted on their behalf.  Accordingly, this purported claim should be dismissed. *See Onoh,* 2009 WL 2246207 at *4 (dismissing claim to quiet title where "Plaintiffs fails to articulate why it would be appropriate for title to be quieted on her behalf, precisely what adverse interest she is seeking to quiet title against, and which party holds the claims asserted against her title").

### Plaintiffs' Asserted "Causes of Action"

### 1.    Plaintiffs Fail to State a Claim for Breach of Fiduciary Duty.

Plaintiffs allege that "Defendants Agent, appraiser, trustee, Lender et al, and each of them, owed [Plaintiffs] a fiduciary duty of care with respect to the mortgage loan transactions and related title activities involving the Trust Property" and that "Defendants breached their duties to [Plaintiffs]."  (D.E. 1 at p. 19.)

Plaintiffs have failed to allege any basis for the existence of a fiduciary relationship between Plaintiffs and Thrivent.  Under Florida law, a lender generally does not owe a fiduciary

duty to a borrower.  *See Barnett Bank of West Florida v. Hooper*, 498 So. 2d 923 (Fla. 1986) (determining that lender had a duty only where "special circumstances" existed such as where the lender used confidential information to prefer one customer to the detriment of another); *see also Saglio v. Chrysler First Commercial Corp.*, 839 F. Supp. 830, 833 (M.D. Fla. 1993) (determining that a fiduciary relationship did not exist as a matter of law between lender and guarantors where there was no basis for characterizing the transactions between the parties "as something other than arms-length transactions").  Additionally, "[w]hen the parties are dealing at arm's length, a fiduciary relationship does not exist because there is no duty imposed on either party to protect or benefit the other."  *White Construction Co. v. Martin Marietta Materials, Inc.*, 633 F. Supp. 2d 1302, 1325 (M.D. Fla. 2009) (internal quotations omitted); *see also Watkins v. NCNB National Bank of Florida, N.A.*, 622 So. 2d 1063, 1065 (Fla. 3d DCA 1993). Furthermore, "[i]t is the law of Florida that a cause of action for breach of fiduciary duty will not lie where the claim of breach is dependent upon the existence of a contractual relationship between the parties . . . because the duty is owed only as a result of the existence of the contract." *White Construction Co.*, 633 F. Supp. 2d at 1325.

Plaintiffs have not alleged that they placed any special confidence in Thrivent or that any "special circumstances" exist to establish the existence of a fiduciary duty.  *See Onoh,* 2009 WL 2246207 at *3 (dismissing claim for breach of fiduciary duty where plaintiff "advances no theory of fiduciary responsibility as to any of these parties, nor does she distinguish in any way between the activities that each party engaged in pursuant to her statement of facts").  Even reading the Complaint liberally and assuming the "contract" referred to by Plaintiffs was with Thrivent, that contract would be the only connection pleaded between Thrivent and Plaintiffs, which would make the claims "dependent upon the existence of a contractual relationship" and therefore

barred.  *White Construction Co.*, 633 F. Supp. 2d at 1325.  Moreover, to the extent Plaintiffs

executed loan documents with Thrivent, Plaintiffs and Thrivent had a debtor-creditor

relationship.  Plaintiffs have alleged no facts or circumstances warranting a departure from the

general rule that a debtor does not owe a fiduciary duty to a creditor.  Nor have Plaintiffs

satisfied the pleading standards set forth in *Twombley* and *Iqbal*.  Plaintiffs' claim for breach of

fiduciary duty should be dismissed.

> **2.** **Plaintiffs Fail to State a Claim for Negligence/Negligence Per Se.**

In their negligence claim, Plaintiffs allege that "Defendants" owed Plaintiffs a duty of

care, including under the Truth in Lending Act ("TILA"), the Home Ownership and Equity

Protection Act ("HOEPA"), the Real Estate Settlement Procedures Act ("RESPA"), and the

regulations promulgated thereunder to "provide proper disclosures concerning the terms and

conditions of the loans they marketed, to refrain from marketing loans they knew or should have

known that borrowers could not afford or maintain, and to avoid paying undue compensation

such as 'yield spread premiums' to Mortgage Agents and loan officers."  (D.E. 1 at p. 20.)

Plaintiffs' negligence and negligence per se claims fail because Plaintiffs cannot as a

matter of law establish that Thrivent owed any such duties to Plaintiffs and, in any event, have

not alleged sufficient facts that Thrivent breached any duty, or how.  *See Onoh,* 2009 WL

2246207 at *2 (dismissing claim for negligence/negligence per se where "claim does not address

why defendants had a duty of care to plaintiff or explain how this duty was violated").  Plaintiffs

allege that the "Defendants owed a general duty of care," as well as a duty of care under TILA,

HOEPA, and RESPA.  However, Plaintiffs fail to cite any statutory section supporting the

existence of any duty of care owed by Thrivent to Plaintiffs, or what the scope of that duty

allegedly is.  Plaintiffs also fail to allege any single specific fact stating how Thrivent breached

any alleged duty to Plaintiffs.  Thus, Plaintiffs' purported claims for negligence and negligence per se should be dismissed.

Additionally, any negligence claim by Plaintiffs is barred by Florida's Economic Loss Rule, which applies where "the parties are in contractual privity and one party seeks to recover damages in tort for matters arising from the contract."  *Vesta Construction and Design, L.L.C. v. Lotspeich & Associates, Inc.*, 974 So. 2d 1176, 1179 (Fla. 5th DCA 2008) (internal quotations omitted; quoting *Indemnity Ins. Co. of North Am. v. Am. Aviation, Inc.*, 891 So. 2d 532, 536 (Fla. 2004)).  The purpose of the rule is "to prevent parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic loss in tort. . . . Accordingly, courts have held that a tort action is barred where a defendant has not committed a breach of duty apart from a breach of contract."  *Id.* (internal quotations omitted; quoting *Indemnity Ins. Co. of North Am.*, 891 So. 2d at 536-37).  Here, because any negligence claim by Plaintiffs is linked to matters arising out of the alleged "contract" or other loan documents, Plaintiffs' claims are barred by the Economic Loss Rule.

### 3.       Plaintiffs Fail to State a Claim for Common Law Fraud.

In their fraud claim, the Plaintiff allege that unidentified "Agents" committed fraud by "act[ing] in concert and collusion with others named herein in promulgating false representations to cause [Plaintiffs] to enter into the LOAN without knowledge or understanding of the terms thereof."  (D.E. 1 at p. 21.)

As an initial matter, Plaintiffs' purported claim for "common law fraud" appears to be directed to unidentified "Agents," not Thrivent.  However, to the extent that the fraud claim is directed at Thrivent, such claim should be dismissed because Plaintiffs fail to state a claim for fraud, and fail to state their claim with particularity as required by Rule 9(b).  *See Garcia,* 528 F.

17

Supp. 2d at 1294.  Plaintiffs' Complaint falls far short of the standard set forth in 9(b) and relevant case law.  Plaintiffs' allegations fail to state the time and place of the alleged statements, the identity of the speaker, or the precise statements that were made, or any fact at all connected in any way with anyone at Thrivent.  Accordingly, Plaintiffs' claim for common law fraud should be dismissed.  *See Garcia*, 528 F. Supp. 2d at 1294 (dismissing Plaintiffs' causes of action based on claims of fraud and misrepresentation because the "Plaintiffs' allegations clearly lack[ed] the required particularity because, among other things, they omit any mention of the time, place, and identity of the speaker"); *see also Onoh,* 2009 WL 2246207 at *3 (dismissing claim for fraud where "Plaintiff does not explain how the alleged conduct in this claim, to the extent that it is even addressed by the complaint, was misrepresenting or fraudulent").

### 4.  Plaintiffs Fail to State a Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing.

Plaintiffs purport to assert a claim for breach of the implied covenant of good faith and fair dealing based on alleged failure of the "Defendants" to provide proper disclosures.  (D.E. 1 at p. 21-22.)  However, Florida law is clear that a claim for breach of the implied contractual duty of good faith "must relate to the performance of an express term of the contract and is not an abstract and independent term of a contract which may be asserted as a source of breach when all other terms have been performed pursuant to the contract requirements."  *Hospital Corp. of America v. Florida Medical Center, Inc.*, 710 So. 2d 573, 575 (Fla. 4th DCA 1998).  That is, "[r]ather than serving as an independent term within a contract, the implied covenant attaches . . . to the performance of a specific contractual obligation."  *Ernie Haire Ford, Inc. v. Ford Motor Company*, 260 F.3d 1285, 1291 (11th Cir. 2001) (internal quotations omitted).  Thus, "a cause of action for breach of the implied covenant cannot be maintained (a) in derogation of the express terms of the underlying contract or (b) in the absence of a breach of an express term of the

18

underlying contract." *Burger King Corporation v. Weaver*, 169 F.3d 1310, 1318 (11th Cir. 1999). Additionally, if the subject matter which forms the basis of the duty is expressly addressed by the agreement, then the agreement itself -- *not* the implied duty of good faith -- controls. *See Ernie Haire Ford, Inc.*, 260 F.3d at 1291 (stating that "the implied covenant cannot override an express contractual term"); *see also Burger King Corporation*, 169 F.3d at 1316.

Here, Plaintiffs have failed to allege the existence of any contractual term which Thrivent was obligated to perform that supports an action for breach of the implied duty of good faith. Moreover, the Complaint fails to include any specific allegations regarding any breach by Thrivent. Accordingly, Plaintiffs' purported claim for breach of the implied covenant of good faith and fair dealing should be dismissed.

### 5.   Plaintiffs Fail to State a Claim for Violation of the Truth in Lending Act 15 U.S.C. § 1601 et seq.

In support of their purported claim for violation of the Truth in Lending Act, Plaintiffs "incorporate[] by reference, re-plead[] and re-allege[] each and every allegation contained in all of the paragraphs of the General Allegations and Facts Common to All Causes of Action." (D.E. 1 at p. 22.) However, the Complaint does not even include any sections entitled "General Allegations" or "Facts Common to All Causes of Action." Again, the Complaint appears to have been copied from another boilerplate source, which is not sufficient to state a cause of action. Plaintiffs further allege that they are "informed and believe[] that Defendant's violation of the provisions of law rendered the credit transaction null and void, invalidates Defendant's claimed interest in the Subject Property, and entitles [Plaintiffs] to damages as proven at trial." This lone conclusory sentence is not sufficient to state a cause of action under TILA. *See Twombley*, 550 U.S. at 555 (complaint must state more than formulaic recitation of the elements of a cause of action"). Accordingly, this claim should be dismissed.

19

**6.      Plaintiffs Fail to State a Claim for Intentional Infliction of Emotional Distress.**

Plaintiffs also purport to assert a claim against Thrivent for intentional infliction of emotional distress, asserting that "[t]he conduct committed by Defendants, driven as it was by profit at the expense of increasingly highly leveraged and vulnerable consumers who placed their faith and trust in the superior knowledge and position of Defendants, was extreme and outrageous and not to be tolerated by civilized society." (D.E. 1 at pp. 22-23.)  Again, this appears to have been cut and pasted from a source available on the Internet, *see* http://www.jurisimprudence.com/!Documents&Research/Mortgage/RESPA/Skidmore%20Suit.d oc (dismissed with prejudice in *Onoh,* 2009 WL 2246207).

In order to state a claim for intentional infliction of emotional distress, a plaintiff must allege how the defendant's conduct was extreme and outrageous.  *See Metropolitan Life Insurance Co. v. McCarson*, 467 So. 2d 277, 278 (Fla. 1985).  In order for conduct to be considered extreme and outrageous, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (citing Restatement (Second) of Tort § 46 (1965)).

The Complaint fails to allege (a) what conduct by Thrivent was "extreme and outrageous" or (b) how such conduct was "extreme and outrageous."  Under *Twombly*, Plaintiffs' mere recitation of the elements of a cause of action is not sufficient.  Without any facts to support their legal conclusion that Thrivent's conduct was extreme and outrageous, Plaintiffs' claim for intentional infliction of emotional distress should be dismissed.  *See Onoh,* 2009 WL 2246207 at *3 (dismissing claim for intentional infliction of emotional distress where Plaintiff did not "assert[] the minimum factual allegations to satisfy the requirements of notice pleading,"

and noting that "[a] finding of tort liability for intentional infliction of emotional distress in a breach of contract case[] would be highly unusual"); *see also Vogler*, 2010 WL 3394034 at *9 (recommending dismissal of claim for intentional infliction of emotional distress because "Plaintiffs' conclusory statement that Defendants' conduct was extreme and outrageous, without alleging facts to support this legal conclusion, does not satisfy the pleading requirements of *Twombly* and *Iqbal*").

## **CONCLUSION**

Given the foregoing arguments and authorities, Plaintiffs have failed to assert any cognizable claim against Thrivent.   Accordingly, the Complaint should be dismissed in its entirety, with prejudice.[2]

---

[2]   Although Thrivent has not initiated foreclosure proceedings involving Plaintiffs, it appears from the Complaint that foreclosure proceedings may have been initiated as to the Panama City beach property at issue in the Complaint.  To the extent this motion to dismiss is not granted, Thrivent requests the opportunity to investigate and potentially move this Court to abstain under *Younger v. Harris*, 401 U.S. 37 (1971), so as not to interfere with any pending state court proceedings involving this property.  Other courts facing these same form complaints have indicated they would abstain under *Younger* to the extent state court foreclosure proceedings are pending.  *See*, *e.g.*, *Geans v. Oxford Bank*, Case No. 10-cv-13160, pending in the United States District Court for the Eastern District of Michigan, Southern Division.

TALL_248060.1

Respectfully submitted,

Dated:  November 5, 2010.


_____/s/ James A. McKee_____
Michael P. Matthews, FBN 63988
mmatthews@foley.com
Christina Y. Taylor, FBN 57616
cytaylor@foley.com
Foley & Lardner LLP
100 North Tampa Street, Suite 2700
Tampa, FL  33602-5810
Telephone:  813.229.2300
Facsimile:  813.221.4210

and

James A. McKee, FBN 638218
jmckee@foley.com
Foley & Lardner LLP
106 East College Avenue, Suite 900
Tallahassee, FL  32301
Telephone:  850.222.6100
Facsimile:  850.561.6475

*Attorneys for Defendant Thrivent Financial Bank*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court on this 5th day of November, 2010, by using the CM/ECF system, which will send a notice of electronic filing to the following:

Phillip L. Adamczyk
Susan C. Adamczyk
2170 Burnt Pine Lane
Tallahassee, FL  32317


_____/s/ James A. McKee_____

22