**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**PHILLIP L. ADAMCZYK,
SUSAN C. ADAMCZYK,**

      **Plaintiffs,**

**vs.**                          **Case No. 4:10cv444-RH/WCS**

**THRIVENT FINANCIAL BANK,**

      **Defendant.**

_____/


<u>**REPORT AND RECOMMENDATION**</u>

      Plaintiffs, *pro se*, filed a civil complaint against the Defendant alleging several causes of action, doc. 1, and asserting jurisdiction is proper here based on both federal question jurisdiction and because of diversity, *see* doc. 2. Service was directed, doc. 6, and Defendants filed a motion to dismiss, doc. 9, on November 5, 2010. Plaintiffs have already filed a response to the motion to dismiss, doc. 10.

      The motion to dismiss asserts that Plaintiffs appear to seek to "avoid their obligations under a mortgage on their Panama City property," and have brought "numerous generic accusations against the banking and lending industry at large . . . ." Doc. 9, p. 1. Defendant contends that Plaintiffs' "boilerplate" language in the complaint

fails to state any cognizable legal claim.  *Id.*  Defendant argues that Plaintiffs fail to provide any specific allegation against Defendant, fail to provide "any factual support for any purported claim" against the Defendant.  *Id.*, at 4.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations."  Twombly, 127 S.Ct. at 1965, *quoting* Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).  However,

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id. [Twombly], at 570, 127 S.Ct. 1955.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id., at 556, 127 S.Ct. 1955.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Ibid.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility a0nd plausibility of 'entitlement to relief.' " Id., at 557, 127 S.Ct. 1955 (brackets omitted).

Ashcroft v. Iqbal, 556 U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

*Pro se* complaints are held to less stringent standards than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." <u>Dura Pharmaceuticals, Inc. v. Broudo</u>, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005), *quoted in* <u>Twombly</u>, 127 S.Ct. at 1966.

**Analysis**

Plaintiffs' complaint does not present any statements of fact showing how the named Defendant, Thrivent Financial Bank, harmed the Plaintiffs. Instead, the complaint consists of general complaints the home lending industry. There is no statement which identifies any specific loan or contract between the Plaintiffs and the Defendant. There is no factual allegation that even states *when* these parties had any dealing with each other. The most that is stated is that Plaintiffs "entered into a consumer contract for the refinance of a property located at 7205 Thomas Drive, United 1203D, Panama City, FL, 32408 . . . ." Doc. 1, p. 2. That is not sufficient. It is unknown where this contract was signed and executed. It is unknown when the contract was signed. It is unknown what role, if any, the Defendant had in this contract. Plaintiffs' complaint is insufficient to establish a basis for any liability against the Defendant.

Plaintiffs assert that "Defendants charged false fees" but do not state with any specificity the fees charged or why they were "false," who acted as agent for Defendant, or who the other parties are. Plaintiff's complaint lists fees charged by a lender at settlement, doc. 1, pp. 12-13, but it is unknown when settlement occurred, or if this Defendant was the "Lender" referenced. Plaintiffs provides no specific facts that relate to these parties or to a specific agreement.

In responding to the motion to dismiss, Plaintiffs contend that they "stipulated each fee charged with particularity." Doc. 10, p. 1. Plaintiffs only asserted in the complaint: "Lender charged fees to Petitioner [Plaintiffs] that were in violation of the limitations imposed by the Real Estate Settlement Procedures Act as said fees were simply contrived and not paid to a third party vendor." Doc. 1, p. 12. Plaintiffs fails to state what limitations were imposed, or how they were violated. The particular fees which are alleged to be unconnected to charges by a third party are not identified. Moreover, Plaintiffs never clearly allege in the complaint whether or not the Defendant was the Lender. Plaintiffs provided a listing of fees charged at "settlement" but there is no indication of what settlement was being referenced, where the settlement occurred (so this Court can determine it has jurisdiction), or when settlement occurred (so it can be determined that the claims are not time barred). Moreover, after listing the fees, Plaintiffs stated:

> Debtor is unable to determine whether or not the above fees are valid in accordance with the restrictions provided by the various consumer protection laws. Therefore, please provide; a complete billing from each vendor who provided the above listed services; the complete contact information for each vendor who provided a billed service; clearly stipulate as to the specific service performed; a showing that said service was necessary; a showing that the cost of said service is reasonable; a showing of why said service is not a regular cost of doing business that should rightly be included in the finance charge.

Doc. 1, p. 13. Those statements relate to disputed charges but are not sufficient to constitute an allegation of improper or fraudulent fees, or that such fees violated a limitation imposed by the Real Estate Settlement Procedures Act.

Throughout the complaint, Plaintiffs refer to the scheme of securing a loan, but refer to lenders, agents, and even Defendant's attorney, but provide no names of any

persons.  It is not even clear whether the Defendant is the "original lender" in this case.

*See* doc. 1, p. 10.  At another point Plaintiffs claim that the "Defendants, by and though

Defendants' Agents, conspired with other Defendants . . ."  Doc. 1, p. 10.  There is *only*

one Defendant in this case.

Plaintiffs allege that "Defendants claim" a controversy but produce no contract.

Doc. 1, p. 9.  Defendant is not required to produce a contract.  That is Plaintiffs'

obligation.

Plaintiffs allege also that "Defendants claim agency to represent the principal in a

contractual agreement . . ." but state that "Defendants have failed to provide any

evidence of said agency . . . ."  *Id.*, at 9.  Defendant has not raised an agency claim;

these are Plaintiffs' claims.

Furthermore, Plaintiffs state that "Defendants lack standing to invoke the subject

matter jurisdiction of the court."  Doc. 1, p. 9.  That is also nonsense.  It is Plaintiff that

must show that this court has jurisdiction of their claims.

The language used in the complaint, doc. 1, is obviously copied from other

sources, contains boilerplate and vague legal conclusions, and provides no specific

factual basis against this Defendant.  Without pointing to some wrongful action which

can be attributed to this Defendant, there is no need to continue this litigation on any of

the multitude of claims asserted.

Because the complaint fails to state a claim under Rule 8, it moreover, clearly

falls short of the heightened pleading requirements for a claim for fraud under Rule 9.

Under Fed.R.Civ.P. 9(b), there is a heightened pleading requirements for claims of

fraud which require a complaint "to state with particularity the circumstances constituting

fraud." <u>Mizzaro v. Home Depot, Inc.</u>, 544 F.3d 1230, 1237 (11th Cir. 2008). The

Eleventh Circuit has concluded:

> Rule 9(b) is satisfied if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."

<u>Tello v. Dean Witter Reynolds, Inc.</u>, 494 F.3d 956, 972 (11th Cir. 2007) (*quoting* <u>Ziemba</u>

<u>v. Cascade Int'l, Inc.</u>, 256 F.3d 1194, 1202 (11th Cir. 2001)); <u>Mizzaro</u>, 544 F.3d at 1237.

Plaintiffs' claims do not meet that standard.

Plaintiffs request that the motion to dismiss be treated as a motion for more

definite statement. Doc. 10, p. 2. This also is nonsense. This is Plaintiff's complaint.

Most telling is the allegation that Defendant and other lenders "swooped in and

convinced Americans to sell their homes, get out of their safe mortgage agreements,

and speculate with the equity <u>they had gained</u> by purchasing homes they could not

afford." Doc. 1, p. 3. Perhaps this happened to Plaintiffs; perhaps not. The complaint

simply does not say. If it did, then it is incumbent upon Plaintiffs to allege what it is that

Defendant *illegally* did to provide refinancing. Without such allegations, a homeowner's

arms-length decision to pull equity out of their residence to speculate in the real estate

market is a problem without legal remedy.

Plaintiffs had also filed a motion for preliminary injunction, doc. 3, with the

initiation of this case. Since Plaintiffs' complaint is insufficient, Plaintiffs have

correspondingly failed to meet the prerequisites for injunctive relief, that is, a substantial

likelihood of success on the merits.  <u>Siegel v. LePore</u>, 234 F.3d 1163, 1176 (11th Cir.

2000).

**Conclusion**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's

motion to dismiss, doc. 9, be **GRANTED** and Plaintiffs' complaint, doc. 1, be

**DISMISSED** for failure to state a claim upon which relief may be granted, and Plaintiffs'

motion for a preliminary injunction, doc. 3, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 24, 2010.


  s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**



**<u>NOTICE TO THE PARTIES</u>**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**