IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


PHILLIP L. ADAMCZYK,
SUSAN C. ADAMCZYK,

    Plaintiffs,

vs.                          Case No. 4:10cv444-RH/WCS

THRIVENT FINANCIAL BANK,

    Defendant.

_____/


## SUPPLEMENTAL REPORT AND RECOMMENDATION

On November 24, 2010, I entered a report and recommendation, doc. 11, to grant the Defendant's motion to dismiss, doc. 9. I found the *pro se* Plaintiffs' complaint was insufficient to assert any claim against the Defendant. Doc. 11.

Plaintiffs then filed a motion for leave to file an amended complaint. Doc. 12. Plaintiffs did not simultaneously submit the proposed amended complaint with the motion as required by N.D. Fla. Loc. R. 15.1, and Defendant raised that point in response. Doc. 13. On December 14, 2010, Plaintiffs filed the proposed first amended complaint, doc. 14.

Rule 15(a) provides that amendment after a responsive pleading has been served, absent written consent of the adverse party, requires leave of court, but "leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a).  While Rule 15(a) generally "restricts the district court's freedom," the Eleventh Circuit has held:

> This policy of rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial.

Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989).  If "underlying facts or circumstances" provide a proper and viable basis for relief, then leave to amend "should be freely given." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).  Futility of amendment is sufficient cause under Rule 15 to deny permission to amend. Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-1263 (11th Cir. 2004).  When an amended complaint still fails to state a viable claim, it is not an abuse of discretion to deny a motion to amend. Smith v. Secretary For Dept. of Corrections, 2007 WL 3089531, *2 (11th Cir., Oct. 24 2007).

I have reviewed Plaintiffs' motion, doc. 12, the response, doc. 13, and the proposed first amended complaint, doc. 14.  The proposed complaint still suffers from the same defects as noted in the initial complaint.  Plaintiffs refer to Defendant, Thrivent Financial Bank, as lender, broker, and the Defendant.  Doc. 14.  Plaintiffs entered into a real estate contract with the Defendant on December 9, 2003, to purchase property in Bay County, Florida.  *Id.*  Plaintiffs' amended complaint contains a section titled "Violations Alleged" and asserts that Defendant committed various violations of the

Truth in Lending Act," yet Plaintiffs fail to state what Defendant did that violated the Act in the process of the real estate purchase.  *Id.*, at 3-5.

Plaintiffs also assert a "first count - fraud," but the amended complaint states only that "Defendant made proactive statements of fact to Plaintiff giving partial disclosure Defendant intended that Plaintiff would rely on in making a decision to enter into an express contract for the purchase of said property."  *Id.*, at 5.  Plaintiffs fail to provide any clarification of what was concealed or not disclosed, much less that it was a "material fact."  The broad assertion that makes only a legal conclusion of fraud is not sufficient. There are simply no facts presented which reveal any fraud.

Plaintiffs make another vague generalization that the loan agreement contained a modification provision, but they contend they are not aware of any authority who can authorize a modification, and therefore, the contract is nullified.  Doc. 14, p. 6-7.  Plaintiffs have failed to state a claim on this basis.

Plaintiffs contend that the Current Servicer of the note lacks standing to enforce the note and "is unable to invoke the subject matter jurisdiction of the court."  *Id.*, at 7.  That is nonsense.  Some entity servicing the loan has not sought to invoke the court's jurisdiction.

Plaintiffs again assert that the Lender charged false fees to Plaintiffs.  Doc. 14, pp. 8-9.  Plaintiffs' amended complaint is nearly identical to the allegations presented in the original complaint concerning the allegedly false fees.  *Cf.* Doc. 1, pp. 12-13, Doc. 14, pp. 8-9.  As I found previously, that Plaintiffs may dispute charges and seeks an accounting of why the charges were reasonable is not sufficient to state a claim for false fees.

Plaintiffs also present an identical claim for RESPA penalties as presented in the initial complaint. Docs 1, 14. Because the claims were insufficient to show what the Defendant did to violate the Real Estate Settlement Procedures Act in the initial complaint, they remain insufficient in the amended complaint. Plaintiff may not simply list items under violations without some statement showing that this Defendant committed the violation. See doc. 14, pp. 9-10.

Plaintiffs claims for breach of fiduciary duties is frivolous. Defendant is alleged to be a Bank and a Lender. Defendant is *not* an agent of Plaintiffs nor is there any allegation identifying a Broker. *Id.*, at 10. That boilerplate language is insufficient to show that the Defendant breached a particular fiduciary duty owed to Plaintiffs.

The same deficiency exists as to the claim for negligence. *Id.*, at 11-12. Moreover, it is exactly the same statements as were made in the initial complaint. Having been found insufficient the first time the statements were reviewed, they remain insufficient in the amended complaint. The same is true for the claim for common law fraud. *Id.*, at 12-13. The statements are virtually identical to the initial complaint, with Plaintiffs merely inserting Defendant instead of Agent. The statements fail to provide any fact showing *what* the Defendant did that could be held to constitute legal fraud.

Plaintiffs' alleged Truth in Lending Act claims are time barred. Plaintiffs entered into the real estate contract with Defendant on December 9, 2003, which is nearly seven years prior to initiation of this case (initial complaint filed on October 15, 2010, doc. 1). A TILA nondisclosure violation occurs "when the transaction is consummated," which will be at the time of closing on the residential mortgage. Smith v. Am. Fin. Sys., Inc. (In re Smith), 737 F.2d 1549, 1552 (11th Cir. 1984). The statute of limitations on a TILA

claim is just one year.  The doctrine of equitable tolling saves a TILA claim only where a debtor plaintiff has "been prevented from [bringing suit] due to inequitable circumstances."  Ellis v. Gen. Motors Acceptance Corp., 160 F.3d 703, 706-08 (11th Cir. 1998).  It is Plaintiffs' burden to show that such circumstances exist.  *See* Arce v. Garcia, 434 F.3d 1254, 1261 (11th Cir. 2006).  Plaintiffs fail to allege any factors that prevented them from bringing suit in the seven years since entering into the contract with Defendant.

Because the amended complaint also fails to state a claim upon which relief may be granted, presenting conclusory assertions and being time barred, the motion to amended should be denied.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiffs' motion to amend, doc. 12, be **DENIED** because amendment is futile.

**IN CHAMBERS** at Tallahassee, Florida, on December 22, 2010.

 s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:10cv444-RH/WCS